PETITION OF PATRICK CANNING for a writ of Habeas Corpus.

The Court of Common Pleas has power to enforce, by imprisonment, an order made under Pub. Laws, cap. 288, March 19, 1873, of bastardy.

*October* 8, 1875. PER CURIAM (Durfee, C. J., Potter, and Matteson, JJ.). The petitioner was adjudged by a trial justice the putative father of a bastard child, and an order made for payment of money by him. Under the provisions of Pub. Laws, cap. 288, § 4 (act of March 19, 1873), he appealed to the Court of Common Pleas, and entered into a recognizance to prosecute his appeal with effect, and to abide and perform the order of said court therein.

On the appeal, after a jury trial, this judgment was affirmed, and an order was made requiring him to make certain payments forthwith, and certain payments at times specified, and to give security to the overseer of the poor for performance of the order, and that the petitioner should stand committed until the order was performed; and this order not being complied with, a mittimus was issued on which he was committed to jail.

It is objected that the court had no power to enforce its order by commitment, but that the only remedy was on the recognizance.

Cap. 288 does not contain any express provision for commitment, but in § 14 it seems to recognize the existence of that power in the court, " if any person committed to jail by virtue of this chapter," &c., &c.

By cap. 182, § 12, of Gen. Stat. R. I., the Court of Common Pleas " may issue all such writs and processes whatsoever, and do all such other acts as may be necessary and proper to carry into full effect all the powers which are or may be given to said court."

Having the power to make the order, we think the power to enforce it necessarily follows under the provisions we have referred to, and that commitment was a proper mode of enforcing it.                                    *Petition dismissed.*

*Henry J. Spooner,* for petitioner.
*Nicholas Van Slyck, contra.*